UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

ADVANCE 2000, INC.,

        Plaintiff,

v.

                                        24-CV-503 (JLS) (LGF)

HEWLETT PACKARD ENTERPRISE
COMPANY,

        Defendant.
_____

## DECISION AND ORDER

      On April 22, 2024, Plaintiff Advance 2000, Inc., commenced an action in Supreme Court, Erie County, asserting claims under New York law relating to a package of computer equipment designed and sold by Defendant Hewlett Packard Enterprise Company that Plaintiff alleges was "essentially worthless." *See* Dkt. 1-1. Defendants removed the action to this Court on May 23, 2024. Dkt. 1. The case has been referred to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

      On June 28, 2024, Defendant moved to dismiss. Dkt. 6. Plaintiff then filed an Amended Complaint, which is now the operative complaint. *See* Dkt. 11. On August 30, 2024, Defendant moved to dismiss the Amended Complaint. Dkt. 18. Plaintiff opposed the motion, Dkt. 20, and Defendant replied. Dkt. 21.

      On July 22, 2025, Judge Foschio issued a Report and Recommendation ("R&R") recommending that Defendant's [18] motion "should be GRANTED in part and DENIED in part" such that the "action should continue as to Plaintiff's First (breach of

contract), Second (express warranty), and Third (implied warranty for a particular purpose) Claims; Plaintiff's Fourth (negligent representation) and Fifth (unjust enrichment) Claims should be DISMISSED with prejudice and without leave to replead." *See* Dkt. 23 at 62.[1]

Both parties filed objections. *See* Dkt. 27, 28. In particular, Plaintiff argues that the R&R errs in recommending that: (1) Plaintiff's negligent misrepresentation claim be dismissed under the economic loss rule; (2) Plaintiff's negligent misrepresentation claim be subject to a heightened pleading standard; and (3) Plaintiff not be permitted to plead in the alternative. *See* Dkt. 27. Defendant argues that the R&R errs in recommending "that the following claims set forth in Plaintiff Advance 2000, Inc's Amended Complaint should not be dismissed: (1) First Cause of Action – Breach of Contract, (2) Second Cause of Action – Breach of Express Warranty, and (3) Third Cause of Action – Breach of Implied Warranty of Fitness for a Particular Purpose." *See* Dkt. 28. Both parties opposed the other's objections, Dkt. 30, 31, and then replied. Dkt. 32, 33.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Foschio's recommendation.

For the reasons above and in the R&R, Defendant's [18] motion to dismiss is granted in part and denied in part as detailed in the R&R. The case is referred back to Judge Foschio consistent with the [7] referral order.

SO ORDERED.

Dated:   September 19, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE